IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| RHONDA S. WILLIAMS, on behalf of herself, similarly situated employees and all others who consent to become Plaintiffs. | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | |
| MERLE PHARMACY, INC./CENTRAL ILLINOIS MEDICAL EQUIPMENT, INC., and WILLIAM M. MARTIN, | ) ) ) ) ) | Equitable Relief Sought Jury Trial Demanded |
| Defendants. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, RHONDA S. WILLIAMS, on behalf of herself and others similarly situated, by her attorneys, BENASSI & BENASSI, P.C., and complain against Defendants as follows:

### Introduction

1. This lawsuit is an individual and class action against all Defendants for wage and hour and related violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*

### JURISDICTION AND VENUE

2. The Court has original jurisdiction over this lawsuit pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §§1331 and 1337(a).

3. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

4. Venue is also proper in this district pursuant to 28 U.S.C. §1391(b)(2) and (c) because a substantial part of the acts and omissions giving rise to the claims took place in this judicial district, and because Defendants reside in this judicial district, regularly conduct business within this judicial district, and/or have their corporate offices within this judicial district, and thus are subject to personal jurisdiction within this judicial district.

5. This lawsuit is properly filed in the Peoria Division of the Central District of Illinois because the acts complained of occurred in McLean County.

## The Parties

6. Plaintiff RHONDA S. WILLIAMS (hereinafter "WILLIAMS") is a citizen of the United States and the State of Illinois. At all times material herein, WILLIAMS has resided in the Central District of Illinois.

7. During all relevant times, MERLE PHARMACY, INC. (hereinafter MERLE PHARMACY) and CENTRAL ILLINOIS MECDICAL EQUIPMENT, INC. (hereinafter "CENTRAL ILLINOIS MEDICAL EQUIPMENT") were Illinois corporations located and conducting business within the Central District of Illinois.

8. During all relevant times, MERLE PHARMACY was engaged in commerce and, at all times relevant herein, was an "employer" within the meaning of the FLSA, Illinois' Minimum Wage Law (820 ILCS §105/1 et seq.) and the Illinois Wage Payment and Collection Act (820 ILCS §105/1 et seq).

9. During all relevant times, CENTRAL ILLINOIS MEDICAL EQUIPMENT was engaged in commerce and, at all times relevant herein, was an "employer" within the meaning of the FLSA, the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act.

10. During all relevant times, WILLIAM M. MARTIN (hereinafter MARTIN) was the President of both MERLE PHARMACY and CENTRAL ILLINOIS MEDICAL EQUIPMENT.

11. During all relevant times, MARTIN controlled the operations of MERLE PHARMACY and CENTRAL ILLINOIS MEDICAL EQUIPMENT, including determining all employment policies and how much any employee would be paid.

12. During all relevant times, MARTIN was an "employer" within the meaning of the FLSA, Illinois' Minimum Wage Law, and the Illinois Wage Payment and Collection Act.

13. During all relevant times, WILLIAMS was an "employee" of MERLE PHARMACY, CENTRAL ILLINOIS MEDICAL EQUIPMENT, and/or MARTIN for purposes of the FLSA, Illinois' Minimum Wage Law and the Illinois Wage Payment and Collection Act.

14. During all relevant times, MERLE PHARMACY and CENTRAL ILLINOIS MEDICAL EQUIPMENT were joint employers, sharing one work location (203 E. Locust St., Bloomington, IL)

## COMMON FACTUAL ALLEGATIONS

15. WILLIAMS (hereinafter "Plaintiff") was employed by MERLE PHARMACY, CENTRAL ILLINOIS MEDICAL, and/or MARTIN (hereinafter "Defendants") from on or about November 2004 until July 29, 2014, when she was discharged.

16. During all relevant times, Plaintiff was an hourly employee.


17. Plaintiff's job description provided, *inter alia*, "EXPECTATIONS OF WORK HOURS: Monday through Friday 9:00 am to 5:00 pm  You will be expected to work until 6:00 pm several days per week.  No regular lunch breaks.  You will be expected to work at least one Saturday per month.  Saturday hours are 9:00 am to 1:00 pm."

18. Neither Plaintiff nor any of Defendants' other employee were salaried employees exempt from the overtime requirements of the FLSA or Illinois Minimum Wage Act.

19. Plaintiff worked hours in excess of forty (40) hours per week for one or more weeks of each month during every year of her employment as a full-time employee.

20. During all relevant times, it was Defendants' express policy that "OVERTIME: generally there is no paid overtime however comp time is afforded when earned and permitted by owner".

21. Defendants usually did not pay Plaintiff for hours she worked in excess of forty (40) per week.

22. Defendants never paid Plaintiff at a rate not less than 1 ½ times the regular rate at which she was employed.

23. Defendants usually did not pay any of their other employees any compensation for any hours worked in excess of forty (40) per week.

24. During all relevant times, Defendants did not pay their other employees at a rate not less than 1 ½ times the regular rate at which they were employed, for all hours worked in excess of forty (40) per week.

25. During all relevant times, Defendants failed to provide Plaintiff with an itemized statement of deductions made from her wages for each pay period.

26. During all relevant times, Defendants failed to provide their other employees with an itemized statement of deductions made from their wages for each pay period.

27. Defendants failed to keep and preserve accurate records of hours worked by Plaintiff and their other employees, including but not limited to the hours worked each day in each work week.

28. During all relevant times, Defendants failed to keep and preserve accurate records of the number of vacation days earned by Plaintiff and their other employees each year and the dates on which vacation days were taken and paid.

29. During the course of her employment, Plaintiff repeatedly requested that she be provided information regarding her wages and withholdings that should be contained on a paystub or equivalent document. Defendants repeatedly refused to provide Plaintiff with such documentation.

30. Prior to the termination of her employment, Plaintiff repeatedly complained to MARTIN that she had not been appropriately paid for the hours she worked in excess of forty (40) hours per week.

## CLASS ALLEGATIONS

31. Plaintiff seeks to represent a class of potentially fifteen or more individuals employed by Defendants.

32. There are questions of law and fact common to the Class, including the following:

   a. Whether Defendants maintained a policy or practice of not paying non-exempt employees at a rate not less than 1 ½ times their regular rate of pay for all hours worked in excess of forty (40) hours per week;

    b. Whether or not Defendants failed to keep and preserve accurate records of hours worked by Plaintiff and Class Members, including the hours worked each day in each work week;

    c. Whether or not Defendants failed to keep and preserve accurate records of the number of vacation days earned by Plaintiff and Class Members each year and the dates on which vacation days were taken and paid.

    d. Whether or not Defendants failed to provide Plaintiff and Class members an itemized statement of deductions made from their wages for each pay period.

    e. Whether Defendants' decision not to pay Plaintiff and Class Members at a rate not less than 1 ½ times their regular rate of pay, for hours worked in excess of forty (40) hours per week, was willful.

33. The wage and hour claims of Plaintiff are typical of the claims of the Class she seeks to represent. Plaintiff will fairly and adequately protect the interests of the Class as her interests are coincident with, and not antagonistic to, those of the Class. Plaintiff's counsel are experienced in employment litigation and in class action litigation generally.

34. Questions of law or facts common to the members of the class predominate over questions affecting only Plaintiff, as all members are former/current employees who were not/are not being paid appropriately for working more than forty (40) hours per week and would be entitled to backpay and liquidated damages for such work based on classwide proofs.

35. Maintenance of this action will promote the efficient administration of justice by obviating the need of numerous individual members, many of whom do not have resources to independently retain counsel, to commence their own actions.

36. Maintenance of this action as a class action will promote the equitable administration of justice because pursuing claims on an individual basis would be disproportionately expensive.

37. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38. The prosecution of separate actions by individual members of the class would create a risk of inconsistent adjudication with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class.

39. The prosecution of separate actions by individual members of the class would create a risk of adjudication with respect to individual members of the class that would, as a practical matter, substantially impair or impede their ability to protect their interests.

## COUNT I

### Violation of the Fair Labor Standards Act: Failure to Pay Overtime Compensation

40. Plaintiff repeats and reasserts the preceding paragraphs as if fully set forth herein.

41. During the time preceding this action, Defendants failed to pay Plaintiff and their other employees at a rate not less than one and one-half times their regular rate for all hours they worked in excess of 40 hours in a single work week as required by 29 U.S.C. §207(a).

42. Defendants' violations of 29 U.S.C. §207(a) were willful. Defendants knew or should have known that the FLSA applied to the operation of their business at all relevant times.

## COUNT II

### Violation of the Fair Labor Standards Act: Failure to Create and Maintain Accurate Records

43. Plaintiff repeats and reasserts the preceding paragraphs as if fully set forth herein.

44.     Defendants failed to keep and preserve accurate records of hours worked by Plaintiff and other employees, as well as other required records, in violation of 29 U.S.C. §211(c).

## COUNT III

### Violation of Illinois Minimum Wage Law
### Failure to Pay Overtime Compensation

45.     Plaintiff repeats and reasserts the preceding paragraphs as if fully set forth herein.

46.     During the time preceding this action, Defendants failed to pay Plaintiff and their other employees at a rate not less than one and one-half times their regular rate for all hours they worked in excess of 40 hours in a single work week.

## COUNT IV

### Violation of Illinois Minimum Wage Law:
### Failure to Create and Maintain Accurate Records

47.     Plaintiff repeats and reasserts the preceding paragraphs as if fully set forth herein.

48.     Defendants failed to keep and preserve accurate records of hours worked by Plaintiff and their other employees.

49.     Defendants failed to keep and preserve accurate records of the number of vacation days earned by Plaintiff and Class Members each year and the dates on which vacation days were taken and paid.

## COUNT V

### Violation of Illinois Wage Payment and Collection Act:
### Failure to Provide Itemized Payroll Information for Each Pay Period

50.     Plaintiff repeats and reasserts the preceding paragraphs as if fully set forth herein.

51.     Defendants failed to provide Plaintiff and Class members an itemized statement of deductions made from their wages for each pay period.

WHEREFORE, Plaintiff prays that this Court:

A. Issue notice to all similarly situated current and former employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

B. Certify the state law claims set forth in Counts III - V as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C. Declare Defendants' policy of not paying Plaintiff and Class Members overtime wages for all hours worked in excess of 40 in a single work week violates the FLSA and state law;

D. Declare that Defendants violated the FLSA and state law by failing to maintain accurate records of Plaintiff and Class Members' hours worked;

E. Declare that Defendants violated state law by failing to provide Plaintiff and Class Members with an itemized statement of deductions made from their wages for each pay period.

F. Declare that Defendants violated state law by failing to keep and preserve accurate records of the number of vacation days earned each year and the dates on which vacation days were taken and paid.

G. Permanently enjoin Defendants from their unlawful pay and record practices;

H. Award Plaintiff and all Class Members their unpaid overtime rate of pay for all hours of work in excess of 40 hours per week;

I. Award Plaintiff and all Class Members liquidated damages under 29 U.S.C. §216(b) and a penalty equal to 2% of the underpayment for each month not paid under 820 ILCS §105/12;

J. Award Plaintiff and all Class Members exemplary damages and thereafter a judgment be entered awarding the class exemplary damages to discourage Defendants and others similarly situated from such conduct in the future;

K. Award Plaintiff and all Class Members their costs and attorneys' fees under 29 U.S.C. §216(b), 820 ILCS §105/12 and 820 ILCS §115/14; and

L. Award such other relief deemed just and proper.

## COUNT VI

52. Plaintiff repeats and reasserts the preceding paragraphs as if full set forth herein.

53. Beginning in approximately 2011, Defendants and Plaintiff agreed that Plaintiff would receive the equivalent of two work weeks of paid vacation, accruing at the beginning of each calendar year.

54. At the time Plaintiff was terminated in 2014, she had at least 7 days of accrued and unused vacation time available.

55. At the time of her termination, Plaintiff requested that she be paid her unused paid vacation time. MARTIN told Plaintiff that she would not receive any pay for this benefit.

56. Plaintiff is owed at least 7 days of her unused paid vacation benefit by Defendants.

WHEREFORE, Plaintiff prays that this Court:

A. Declare Defendants violated the Illinois Wage Payment and Collection act by failing to pay Plaintiff her accrued and unused vacation time.

B. Award Plaintiff damages for her accrued and unused vacation time.

C. Award Plaintiff a penalty equal to 2% of the damages for her accrued and unused vacation time for each month not paid.

D. Award Plaintiff her costs and attorneys' fees under 820 ILCS §115/14; and

L. Award such other relief deemed just and proper.

Dated in Peoria, Illinois, this 26th day of June, 2015.

                        Respectfully submitted,

                        RHONDA S. WILLIAMS, Plaintiff

                        By:    s/Athena M. Herman
                                Athena M. Herman, Esq., Bar No. 94873
                                Attorney for Plaintiff
                                BENASSI & BENASSI, P.C.
                                300 N.E. Perry Avenue
                                Peoria, Illinois 61603
                                Telephone: (309) 674-3556
                                Facsimile: (309) 674-7989
                                E-Mail: athena@benassi.com