## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| RHONDA S. WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MERLE PHARMACY, INC., CENTRAL )<br>ILLINOIS MEDICAL EQUIPMENT, )<br>INC., AND WILLIAM M. MARTIN, )<br>)<br>Defendants. ) | Case No.   15-cv-1262 |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Rule 56(d) Motion to Defer Defendants' Motion for Partial Summary Judgment Pending Completion of Discovery (Doc. 46) made in Response to Defendants' Motion for Partial Summary Judgment (Doc. 43). For the reasons stated below the Motion for Partial Summary Judgment (Doc. 43) is TEMPORARILY STAYED and Plaintiff's Rule 56(d) Motion to Defer Defendants' Motion for Partial Summary Judgment Pending Completion of Discovery (Doc. 46) is DENIED in part and GRANTED in part.

### INTRODUCTION & PROCEDURAL HISTORY

This retaliatory discharge and wage action commenced on June 26, 2015. (*See* Doc. 1). On October 22, 2015, the parties appeared before the Court for a Rule 16 scheduling conference wherein Magistrate Judge Jonathan E. Hawley entered a schedule allowing discovery until April 30, 2017 and a dispositive motion deadline of May 30, 2017. These dates were proposed by the parties who presumably met and

1

conferred and agreed to the dates before submitting them to the Magistrate Judge. Since that conference, the Defendants have deposed the Plaintiff. Both parties have exchanged Rule 26(a) initial disclosures as well as written discovery requests and responses. Lastly, the parties have also made some document productions to each other. Plaintiff has not deposed anyone nor does it appear that Plaintiff has attempted to depose anyone. Since October of 2015, the parties have litigated significant motions in this matter including a motion for leave to file an amended complaint, a motion for conditional certification of an FLSA collective action, and a motion to reconsider the grant of leave to file an amended complaint.

Defendants have moved for partial summary judgment as to Plaintiff's common law retaliatory discharge, Illinois Whistleblower Act ("IWA") and Adult Protective Service Act ("APSA") claims, which are Counts VII, VIII and IX of Plaintiff's Second Amended Complaint (Doc. 36), respectively. Defendants argue that each of these claims fails as a matter of law because the Plaintiff has not established a requisite causal connection between her undertaking the protected activity of informing authorities of the Defendants' alleged wrongdoing and her termination. Specifically, they contend Plaintiff has not demonstrated the Defendants had any knowledge that she informed authorities that the Defendants were financially exploiting an elderly person or had a specific intention to inform authorities of the same. Plaintiff does not dispute that the evidence in the record to date does not establish the requisite causal relationship between her termination

and her protected activity. Instead, she responds with a request that the Court stay its consideration of Defendants' motion until the completion of discovery.

## LEGAL STANDARDS

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant may demonstrate the absence of a genuine dispute of material fact by citing to admissible evidence, or by showing that the non-movant cannot produce admissible evidence to support a genuine dispute of material fact. Fed. R. Civ. P. 56(c)(1). Upon such a showing by the movant, the non-movant may not simply rest on his or her allegations in the complaint. "The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence." *Warsco v. Preferred Technical Grp.*, 258 F.3d 557, 563 (7th Cir. 2001) (internal quotations and citation omitted); Fed. R. Civ. P. 56(c)(1). Typically, all inferences drawn from the facts must be construed in favor of the non-movant, but the court is not required to draw every conceivable inference from the record. *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). At the summary judgment stage, however, the court may not resolve issues of fact; disputed material facts must be left for resolution at trial. *Anderson*, 477 U.S. at 249-50.

Rule 56(b) provides that in general, a party may file a motion for summary judgment at any time after the case is initiated until thirty days after the close of discovery. Thus, discovery need not be completed before a party can move for summary judgment. Fed. R. Civ. P. 56(b); *Am. Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 729 (7th Cir. 1986). The drafters of the Federal Rules foresaw instances where parties would move for summary judgment prematurely and to safeguard against such premature motions they included sub-paragraph (d). *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994) (dealing with then codified Rule 56 (f)). The provisions of Rule 56(f) were moved to subsection (d) in 2010 "without any substantial changes." 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2740 (3d ed. 2014).This provision allows a non-movant to demonstrate to the Court by giving specific reasons in an affidavit or declaration that the non-movant cannot present facts necessary to oppose the motion. *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006). Upon such a showing, the Court is empowered to defer ruling on the summary judgment motion or deny it; allow a continuance so the non-movant can obtain the necessary materials to oppose the summary judgment motion; or issue any order the court deems appropriate. Fed. R. Civ. P. 56(d). The non-movant must show that he diligently pursued discovery and explain why his efforts in securing the necessary information were unsuccessful. *See Grayson v. O'Neill*, 308 F.3d 808, 816 (7th Cir. 2002).

## DISCUSSION

Defendants' motion for partial summary judgment is premised entirely on Plaintiff's purported failure to produce evidence that establishes a causal relationship between her protected activity and her termination by Defendants. All three of the claims at issue—the Illinois common law retaliatory discharge claim, the Illinois Whistleblower Act claim, and the Adult Protective Services claim—require the employer to have retaliated against the plaintiff for engaging in activity protected by the common law or the statute, as the case may be. One cannot be found to have retaliated against another for engaging in protected activity where one has not been found to have even known the other engaged in such activity. Thus, facts crucial to the three claims at issue here all center on the Defendant's knowledge of Plaintiff's whistleblowing activities prior to her termination. *Michael v. Precision All. Grp., LLC*, 21 N.E.3d 1183, 1188-89 ("When deciding the element of causation, the ultimate issue is the employer's motive in discharging the employee."). Since the entity Defendants were owned and operated by Defendant Martin, it is his knowledge that is really at issue. Defendants have produced evidence that the Plaintiff has no personal knowledge of whether Martin knew of her whistleblowing activities, the "protected activity" under the law. Nor has Plaintiff identified a specific person whom she knows has knowledge of whether Martin knew of her whistleblowing activities. Rather, the Plaintiff claims that since discovery is still open she should be entitled to conduct broad discovery, an aspect of

which will be aimed at ascertaining evidence of what Martin knew of her reporting activities. Unfortunately, that is not how Rules 56 and 26 complement each other.

The case law is clear that the mere fact that discovery period is not complete is not sufficient grounds to defeat a motion for summary judgment. *Am. Nurses' Ass'n v. Illinois*, 783 F.2d at 729. Generally, the successful 56(d) movant must show how he has not been dilatory in discovery, why he cannot adequately respond to the summary judgment motion without further discovery, what specific evidence he expects to obtain from further discovery, and why it is material to the claims being decided in the summary judgment motion. *Grayson*, 308 F.3d at 816-17; *Lamb's Patio Theatre, Inc. v. Universal Film Exchanges, Inc.*, 582 F.2d 1068, 1071 (7th Cir. 1978).

Defendants claim Plaintiff has been dilatory in pursuing discovery related to the causal connection requirement of her individual claims. Plaintiff contends that she cannot be faulted for any dilatory conduct given that there is almost a full year remaining in the original agreed period for discovery. She states that her counsel planned for this period of time because of the potential existence of an FLSA collective action, and because she was aware that she would not be able to conduct significant discovery early in the case because of pre-existing obligations in other cases. She admits that her counsel has only engaged in discovery related to the potential collective action and only basic written discovery related to her individual claims thus far. Plaintiff contends further that it was reasonable for her counsel to

determine the existence of other co-plaintiffs before proceeding with discovery related solely to Plaintiff's individual claims.

The Court does not fully credit Plaintiff's explanation for her failure to engage in discovery related to her individual claims. Plaintiff makes much of her diligence in litigating several motions but that is irrelevant because diligence in pursuing discovery is what matters in a Rule 56(d) analysis. *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000) (explaining that denying a 56(f) motion is proper when a party fails to secure discoverable evidence due to his own lack of diligence). Several months have passed since the scheduling order went into effect and from the Court's review of the docket it does not seem that Plaintiff noticed any depositions or issued any subpoenas. Moreover, her affidavit and motion are devoid of any assertions that she has even begun the process of either scheduling depositions for the several individuals she plans to ultimately depose or issuing subpoenas. Given her inaction, the pertinent question before the Court is whether she was entitled to rely on the discovery schedule in putting off her discovery requests until a time more appropriate for her own schedule.

The Court believes that Plaintiff's counsel was entitled to rely on the discovery schedule to which she and opposing counsel agreed in fashioning the sequence and timing of her discovery. The purpose of discovery is to allow parties to gather factual information to prove their claims and defenses. The purpose of a discovery schedule is to allow them a certain duration of time to go about gathering such information. Rule 26 does not contain a provision that purports to dictate what

aspects of general fact discovery counsel must complete within a given period of time. In fact, the provision of Rule 26 dealing with the sequence of discovery states that "the methods of discovery may be used in any sequence." Fed. R. Civ. Pro. 26(d)(3)(A). While not completely on point for this analysis, the provision nonetheless lends support to the conclusion that Plaintiff should not be found to be dilatory for not engaging in certain discovery when she still has almost a year to complete such discovery.

    Moreover, most of the cases in which a non-movant has been found dilatory and thus undeserving of the protection of Rule 56(d) deal with situations in which discovery had already closed and the 56(d) movant failed to be diligent in pursuing discovery during the discovery period, *see, e.g.*, *Kalis*, 231 F.3d 1049, or the 56(d) movant was inactive for an extraordinarily long period of time. *E.g.*, *Staten v. Nissan N.Am., Inc.*, 134 Fed.Appx. 963 (7th Cir. 2005) (plaintiff sat on her hands for eighteen months). That is not the case here. Discovery remains open for several months and Plaintiff has engaged in some discovery over the past six months since discovery opened. Plaintiff's affidavit directs the Court to her motion in which she essentially contends that she has not had an adequate opportunity to conduct discovery because she was litigating other aspects of this case and her counsel was engaged in other external matters. She further asserts that part of the reason she agreed to a discovery completion date of April 3, 2017 in the first place was to accommodate her tight schedule. Given these circumstances, the Court will not find that the Plaintiff acted in a dilatory fashion in seeking discovery.

Next, the Court should consider why the Plaintiff cannot present facts necessary to oppose the motion. *Deere & Co.*, 462 F.3d at 706. Her explanation is rather obvious. Plaintiff cannot present facts necessary to oppose the Defendants' partial summary judgment motion because she does not have them. She has yet to try to obtain such facts because she thought she had ample time to do so. Importantly, Defendants have not demonstrated that no facts exist that would allow Plaintiff to oppose their motion. Since Plaintiff has already explained why she has not yet engaged in the discovery she needs to oppose the summary judgment motion and Defendants have not put forth evidence that absolutely forecloses the possibility that Defendant Martin knew of Plaintiff's whistleblowing activities prior to terminating her, the Court finds this factor in the 56(d) analysis does not weigh in favor of denying Plaintiff some relief.

The Court will analyze the next two considerations—the specific evidence Plaintiff expects to obtain from further discovery and why it would be material to the claims being decided in the summary judgment motion—in tandem. *Woods v. City of Chicago,* 234 F.3d 979, 990 (7th Cir. 2000) (Rule 56(d) movants must demonstrate why the specific discovery sought is likely to generate a genuine issue of material fact). Plaintiff states she intends to depose certain people whom *she believes* has knowledge of information probative of whether and to what extent Martin knew of her whistleblowing activities. These people include: Defendant Martin himself; a 30(b)(6) corporate designee of the entity Defendants; Luke Stremlau (the Merle pharmacy office manager); Nancy Naples (Merle's/CMIE's

9

Medicare accreditation coordinator); Carol Hanover (the elderly customer at the center of Plaintiff's claims); B. Arnold McClean (Hanover's attorney); and the attorney for Defendants upon whose advice they allegedly relied in terminating Plaintiff. She states all of these people, directly or circumstantially, *may* provide evidence regarding Martin's awareness of Plaintiff's protected whistleblowing activity. In addition to depositions, Plaintiff intends to subpoena records of various individuals, including Hanover's attorney and the attorney for Defendants who spoke with Martin immediately prior to Plaintiff's termination and who allegedly recommended her termination.

Plaintiff opines that this discovery will uncover whether and to what extent Defendants' employees *may* have shared Plaintiff's communications regarding her protected activity with Defendant Martin; whether and to what extent Defendant Martin or other employees of Defendant *may* have heard Plaintiff's communication with the State's Attorney's office; whether and to what extent Defendant Martin or other employees of Defendant *may* have heard Plaintiff's communication with her own prospective counsel concerning her intention to engage in protected activity; whether and to what extent the elderly customer told Martin that Plaintiff was in the process of complaining to authorities[1]; and whether Defendants' attorney knew of Plaintiff's protected activity. She intends to also explore the credibility and motivation of Martin and other employees who may deny any knowledge of

---

[1] The Court is puzzled as to why Plaintiff has not yet at least already secured an affidavit from the elderly customer since she is not an employee of Defendants and Plaintiff has demonstrated that she has not had a problem in the past communicating with her.

10

Plaintiff's protected activity. In short, she intends to use discovery to explore the extent of Martin's knowledge of Plaintiff's efforts to complain to authorities and any basis for his possible denial of such knowledge.

This proposed plan of discovery resembles the proverbial "fishing expedition" rejected by the Seventh Circuit in *Davis v. G.N. Mortgage Corp.*, 396 F.3d 869 (7th Cir. 2005). There, plaintiffs sued their mortgager over a prepayment penalty. *Id.* According to them, there was a two-year prepayment penalty provision somewhere in the documents they signed to close a mortgage transaction. *Id.* at 855. However, there was only evidence of a five-year prepayment penalty provision in the file. *Id.* Plaintiffs requested to be allowed to depose all employees, agents, or representatives of the defendants who had any physical contact with plaintiffs' loan file. *Id.* It is worth reviewing what the *Davis* court wrote in rejecting the plaintiffs' argument:

> the plaintiffs fail to set forth any specific evidence which they might have obtained from these depositions that would create a genuine issue as to this material fact. The only reason to believe that additional, relevant evidence would materialize from deposing the defendants' employees is the Davises' apparent hope of finding a proverbial "smoking gun"—that is, someone who will testify that he or she knows that a signed, two-year prepayment penalty provision did actually exist at some time and that the defendants have either hidden, destroyed, or otherwise disposed of this document. This, however, is based on nothing more than mere speculation and would amount to a fishing expedition, which is an entirely improper basis for reversing a district court's decision to deny a Rule 56(f) motion. *Grayson,* 308 F.3d at 817; *United States v. On Leong Chinese Merch. Assoc. Bldg.,* 918 F.2d 1289, 1294–95 (7th Cir. 1990). Likewise, the Davises' desire to now depose the GN and Countrywide officials that had authority over their loan (Brian Brandt and Patrice McPherson, respectively) is also an insufficient reason for this court to hold that the district court abused its discretion. Both Brandt and McPherson stated via affidavit

11

> that the Davises' loan file did not contain either a signed or unsigned two-year prepayment penalty addendum and the depositions sought would be solely for purposes of casting doubt on the affiants' credibility and to reach "the unlikely possibility ... [that] an adverse witness may contradict an earlier statement or volunteer an admission." *On Leong,* 918 F.2d at 1294. However, this is not a valid reason for a court to grant a motion for a continuance to conduct additional discovery because, as this court has explained, Rule 56(f) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Id.*

396 F.3d at 885-86. Given this precedent, the Court will not give Plaintiff carte blanche to engage in broad discovery until the current discovery cut-off of April 3, 2017 in order to respond to the pending motion for partial summary judgment.

As it stands now, much of what Plaintiff seeks to discover is disallowed or otherwise disfavored under *Davis*. For example, Plaintiff states that she intends to explore the credibility and motivation of Martin and other employees who may deny any knowledge of Plaintiff's protected activity. It seems she already expects that several of the people she intends to depose will deny Martin knew of her whistleblowing activities, thus she wants to explore their motivation and credibility. This is exactly the type of discovery that was disallowed in *Davis*. 396 F.3d at 886.

She also seeks to explore what certain co-workers may have overheard of her phone conversations at work and what they may have conveyed to Martin. She has presented no concrete evidence anyone even overheard her phone conversations. She also fails to identify who the specific co-workers are that may have overheard her.

More troubling is that Plaintiff has no actual knowledge of whether any of the people she seeks to depose, other than Martin himself, has any knowledge of whether Martin knew of her whistleblowing activities. Once a summary judgment motion has been filed, a non-movant's ability to engage in plenary discovery is curtailed and the only limited discovery that should be allowed is discovery focused on the specific material facts the non-movant has a reasonable basis to believe exist as necessary to meet the factual basis for the motion. *See Davis*, 396 F.3d at 886; *Grayson*, 308 F.3d at 817; *Lamb's Patio Theatre, Inc.*, 582 F.2d at 1071.

Based upon what Plaintiff has provided so far, the Court is of the opinion that she has only provided a reasonable basis to depose Defendant Martin directly as to what he knew of Plaintiff's protected activity before he terminated her. That knowledge is a crucial element of the retaliatory claims at issue. Thus, it would be manifestly unfair to the Plaintiff to grant summary judgment on these issues when she has not yet tested what Martin knew of her activity during the open discovery period.

As to the rest of the discovery she proposes, the Court concludes that Plaintiff has not provided the Court with a sufficient basis to allow it now that the Defendants' have moved for summary judgment. Plaintiff has not given much more than rank suspicion as the basis for her assumptions that engaging in more discovery will yield her useful information. For example, Plaintiff has identified only one person at her job, the accreditation manager, as someone she allegedly told of her intentions to report Defendants to authorities. This significantly limits the

13

persons in position to provide useful information through additional discovery unless Plaintiff can show that other persons became aware of her whistleblowing activities and were in position to relay such information to Defendant Martin; no such persons have been identified by Plaintiff beyond sheer speculation. At this point in time, only a focused and limited inquiry into specific facts directly material to the motion for summary judgment will be allowed.

Therefore, the parties are directed to meet and confer within the next fourteen (14) days and present to the Court a limited and expedited written discovery plan that conforms to the directives of this Opinion and Order and facilitates the adjudication of the Defendants' summary judgment order. If Plaintiff seeks more than Defendant Martin's deposition, she must provide the Court with a detailed written explanation of why such discovery is necessary and what the basis is for her expectation such discovery will lead to useful material facts supporting an opposition to the motion for partial summary judgment. Disputes over the plan shall be referred to the Magistrate Judge for resolution consistent with this Order and Opinion.

## CONCLUSION

For the reasons stated above, Defendant's the Motion for Partial Summary Judgment (Doc. 43) is TEMPORARILY STAYED and Plaintiff's Rule 56(d) Motion to Defer Defendants' Motion for Partial Summary Judgment Pending Completion of Discovery (Doc. 46) is DENIED in part and GRANTED in part. Parties must submit

a limited and expedited written discovery plan conforming to the directives of this Opinion and Order on or before July 13, 2016.

Entered this 29th day of June, 2016.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge